IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3163-FL

| | | |
|---|---|---|
| ANNIS RECARDO LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD J. MCMAHON; CAPTAIN MCNEISH; CAPTAIN ADAMS; A.R. FALES, JR.; LIEUTENANT SARVIS; G.D. JOHNSON; AND SEVENTY-FIVE OTHER SUBORDINATES, | ) ) ) ) ) | |
| Defendants. | | |

Plaintiff, a pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE # 2), motions to compel (DE #s 3, 7), motion for a temporary restraining order (DE # 4), motions to amend (DE #s 8, 9, 10, 11, 12), and motion for federal investigation (DE # 13).

The court GRANTS plaintiff's first motion to amend his complaint as a matter of course. See Fed. R. Civ. P. 15(a). Because the court is allowing plaintiff to particularize his complaint, as discussed *infra*, his remaining motions to amend are DENIED as moot. See id.

The court now addresses the allegations in plaintiff's pleadings. Plaintiff's allegations are difficult to follow and the court is unsure what specific claims he is attempting to make and exactly whom plaintiff is claiming violated his rights. Accordingly, plaintiff may particularize his complaint to specifically name the party responsible for his alleged deprivation, the injury stemming from the

party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). Finally, plaintiff is on notice that any amended pleading will constitute the complaint in its entirety.

The court next considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.") Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

As for plaintiff's motions to compel discovery, the court generally does not intervene in the initial requests for discovery materials. Rather, it is the responsibility of the party seeking discovery

2

to serve his request on the party from whom discovery is sought. In this case, defendants have not been served with plaintiff's complaint. Therefore, plaintiff's motions to compel are DENIED as premature.

The court turns to plaintiff's motion for federal investigation. This court does not have the authority to direct the Federal Bureau of Investigation to investigate an issue. Thus, his motion is DENIED.

Finally, the court considers plaintiff's motion for a temporary restraining order. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

In summary, plaintiff's motion to appoint counsel (DE # 2), motion for federal investigation (DE # 13), and motion for a temporary restraining order (DE # 4) are DENIED. Plaintiff's first motion to amend (DE # 8) is GRANTED, but his remaining motions to amend (DE #s, 9, 10, 11, 12) are DENIED as moot. Plaintiff's motions to compel (DE #s 3, 7) are DENIED as premature. Plaintiff has twenty-one (21) days from the date of this order to amend his complaint. Upon submission of this additional information, the frivolity review will be undertaken. Failure to provide the additional information within this time will result in dismissal of the complaint without prejudice.

SO ORDERED, this the 6th day of December, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge