IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3163-FL

| ANNIS RECARDO LLOYD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| EDWARD J. MCMAHON, CAPTAIN MCNEISH, CAPTAIN ADAMS, A.R. FALES, JR.; LIEUTENANT SARVIS, G.D. JOHNSON, and SEVENTY-FIVE OTHER SUBORDINATES, | ) | |
| Defendants. | ) | |

On August 17, 2012, plaintiff, a pretrial detainee, filed this action pursuant to 42 U.S.C. §1983. On May 31, 2013, the court dismissed this action without prejudice for failure to prosecute. The matter now is before the court on plaintiff's motion to rescind the order dismissing his case (DE 28) and motion to amend (DE 29). The issues raised are ripe for adjudication.

A. Motion to Rescind

The court treats plaintiff's motion for reconsideration as a motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not

previously available; or (3) to correct a clear error of law or prevent manifest injustice.  See, e.g., Sloas v. CSX Transp. Inc., 616 F.3d 380, n. 2 (4th Cir. 2010).

Plaintiff filed this action on August 17, 2012.  On April 23, 2013, the court entered an order directing plaintiff to particularize his complaint within twenty-one (21) days.  Plaintiff was cautioned that failure to comply with the court's order would result in dismissal of his action without prejudice.  Because plaintiff failed to comply with the court's April 23, 2013, order, the court dismissed his action without prejudice.

Plaintiff now is before the court requesting that it re-instate his action contending that he timely faxed his amended pleading to the Clerk of Court on May 13, 2013.  Because plaintiff attempted to comply with the court's April 23, 2013, order, the court finds justice requires that plaintiff's action be reinstated.  The Clerk of Court is DIRECTED to reinstate this action.

B.      Motion to Amend

On April 23, 2013, the court directed plaintiff to submit an amended pleading in order to clarify the claims set forth in his complaint.  On June 4, 2013, plaintiff submitted a motion to amend his complaint along with his amended pleading.  The court ALLOWS plaintiff's motion to amend. See Fed. R. Civ. P. 15(a).

C.      Frivolity Review

On review, the court is required to dismiss the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

2

The term encompasses both inarguable legal conclusions as well as fanciful factual allegations which describe fantastic or delusional scenarios. Id. at 325, 328.

Plaintiff, in his amended pleading, asserts that defendants S.B. Johnson, J.P. Cromer, Ellen and Pruneau conducted a search of his cell in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment prohibition against unreasonable searches and seizures does not apply to prison cells because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Hudson v. Palmer, 468 U.S. 517, 526 (1984); Sturkey v. Ozmint, No. 8:08-2758-M BS, 2009 WL 2843322, at *2 (D.S.C. Aug. 31, 2009). Thus, plaintiff's Fourth Amendment claim is DISMISSED as frivolous.

On a related note, plaintiff alleges that defendants stole property from his cell in the course of their alleged search. The negligent deprivation of personal property by a prison employee acting outside of the scope of official policy or custom does not support an action for damages pursuant to § 1983 because it does not implicate due process interests. See Daniels v. Williams, 474 U.S. 327, 328-336 & n.3 (1986). Thus, plaintiff's negligence claim is DISMISSED as frivolous.

To the extent plaintiff contends that the alleged deprivation of his property violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, this claim also is without merit. To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).

Beginning with plaintiff's procedural due process claim, he is not entitled to relief because even "an unauthorized intentional deprivation of property by a state employee does not constitute

3

a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson, 468 U.S. at 533 (holding that intentional deprivations of property by government employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Mitchell v. S.C. All ECT, No. 3:12-1714-CMC-PJG, 2012 WL 5473097, at *4 (D.S.C. Oct. 23, 2012), aff'd, 511 F. App'x 253 (4th Cir. Feb. 26, 2013); Smith v. Mueller, No. 9:13-cv-1987-RBH, 2013 WL 5328443, at *2 (D.S.C. Sept. 20, 2013). Here, an adequate post-deprivation remedy is available to plaintiff in state court. See e.g., Wilkins v. Whitaker, 714 F.2d 4, 6-7 (4th Cir. 1983). Because plaintiff has an adequate post-deprivation remedy in state court, his procedural due process claim fails.

As for substantive due process, the Fourth Circuit defines it as "an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement those actions." Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Virginia, 135 F.3d 275, 287-88 (4th Cir. 1998) (internal quotation omitted). The substantive due process check "is warranted only where no process could cure the deficiencies in the governmental action . . . In other words, governmental action offends substantive due process only where the resulting deprivation of life, liberty, or property is so unjust that no amount of fair procedure can rectify it." Id. In this case, the court does not find the alleged deprivation so unjust as to be incapable of avoidance by any procedural protections. Moreover, post-deprivation state remedies are available to plaintiff. Thus, plaintiff has not alleged a substantive due process violation.

Plaintiff additionally asserts that defendants stole his property for "reasons believed retaliatory." Am. Compl. p. 2. However, plaintiff's vague and conclusory allegations of retaliation

4

are insufficient to state a constitutional claim. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Conrad v. Foster, 181F.3d 87, at *1 (4th Cir. May 26, 1999) ("[S]ummary judgment was proper because Conrad's claims of retaliation and conspiracy were so vague and conclusory as to be insufficient.") Thus, this claim too is DISMISSED as frivolous.

As for plaintiff's remaining claims, the court ALLOWS plaintiff to proceed with his action against defendants Captain McNeish, Lieutenant Sarvis, M.H. Hook, Tucker, C. Thomas, Carpezza, Dixon, Cambell, Shingleton, A.P. Johnson, Perkins, Waller, Fonti, Lieutenant Simmons, CPL Bean, Officer Griwold, Lieutenant S.B. Johnson, Walter, Davis, Kudro, Walker, Whitmore, Officer Walton, Walter, Lewis Theiss, Brown, Haste, Stephenson, Willaford, Eason, Davis, Hiller Rivenbark, Pruneau, J.J. Day, Boswell, Carpenter, Hite, Hiller, Dakes, Captain Adams, Oakes, and Franqui.

To the extent plaintiff named other defendants in his original complaint that are not included in his amended complaint, plaintiff's claims against such defendants are DISMISSED without prejudice as frivolous. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissing complaint where it "failed to contain any factual allegations tending to support [plaintiff's] bare assertion . . . .").

In summary, plaintiff's motion to rescind the order dismissing his case (DE 28) and motion to amend (DE 29) are GRANTED. The Clerk of Court is DIRECTED to reinstate this action. The court DISMISSES without prejudice as frivolous plaintiff's Fourth Amendment claim alleging

5

unconstitutional search and seizure, his Fourteenth Amendment due process claim alleging unconstitutional deprivation of property, his negligent deprivation of property claim, and his retaliation claim in connection with the alleged deprivation of property. Plaintiff is ALLOWED to proceed with his remaining claims against defendants Captain McNeish, Lieutenant Sarvis, M.H. Hook, Tucker, C. Thomas, Carpezza, Dixon, Cambell, Shingleton, A.P. Johnson, Perkins, Waller, Fonti, Lieutenant Simmons, CPL Bean, Officer Griwold, Lieutenant S.B. Johnson, Walter, Davis, Kudro, Walker, Whitmore, Officer Walton, Walter, Lewis Theiss, Brown, Haste, Stephenson, Willaford, Eason, Davis, Hiller Rivenbark, Pruneau, J.J. Day, Boswell, Carpenter, Hite, Hiller, Dakes, Captain Adams, Oakes, and Franqui. Plaintiff's claims against any parties named in his original complaint, but not named in his amended complaint are DISMISSED from this action without prejudice. Finally, due to the fact that the court has conducted a frivolity review of plaintiff's action pursuant to 28 U.S.C. § 1915A, motions to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted are discouraged.

SO ORDERED, this the 16th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge