IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3163-FL

| | | |
|---|---|---|
| ANNIS RECARDO LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN MCNEISH, CAPTAIN ADAMS, LT. SARVIS, M.H. HOOK, OFFICER TUCKER, OFFICER C. THOMAS, OFFICER CARPEZZA, OFFICER DIXON, OFFICER CAMBELL, OFFICER SHINGLETON, A.P. JOHNSON, OFFICER PERKINS, OFFICER WALLER, OFFICER FONTI, LT. SIMMONS, CPL. BEAN, OFFICER GRIWOLD, S.B. JOHNSON, OFFICER DAVIS, SGT. KUDRO, CAPT. WALKER, SGT. WHITMORE, OFFICER WALTON, B. LEWIS, OFFICER THEISS, SGT. BROWN, SGT. HASTE, OFFICER STEPHENSON, SGT. WILLAFORD, OFFICER EASON, OFFICER HILLER, OFFICER RIVENBARK, OFFICER PRUNEAU, J.J. DAY, OFFICER BOSWELL, OFFICER CARPENTER, OFFICER HITE, OFFICER OAKES, OFFICER WALTER, OFFICER DAKES, AND OFFICER FRANQUI, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter is before the court on defendants' motion for sanctions (DE 50),[1] and plaintiff's motion for change of venue for deposition (DE 54). The parties did not respond to the respective motions. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

Plaintiff brought this civil rights action, *pro se*, pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution during his prior incarceration at the Brunswick County Detention Center. Plaintiff subsequently filed five motions to amend his complaint. On December 6, 2012, the court conducted a frivolity review of plaintiff's complaint and amended pleadings. The court determined that plaintiff's pleadings were difficult to follow and allowed plaintiff the opportunity to particularize his complaint. As part of its December 6, 2012, order, the court granted plaintiff's first motion to amend as a matter of course, but denied as moot plaintiff's remaining motions to amend due to the fact that plaintiff was allowed to particularize his complaint. Plaintiff subsequently was granted an extension of time, until January 28, 2013, to file his amended complaint.

On January 4, 2013, plaintiff filed a motion to amend his complaint. Plaintiff, next, filed a motion for reconsideration of the court's ruling on his October 25, 2012, and November 19, 2012, motions to amend. On April 23, 2013, the court entered an order denying plaintiff's motion for reconsideration but granting his January 4, 2013, motion to amend. The court also determined that plaintiff's amended pleading did not comply with the court's December 6, 2012, order in that it

---

[1] The court constructively amends the caption of this order to reflect the defendants presently pending in this action, following the court's October 16, 2013, order dismissing certain defendants. The naming of defendants reflects that designated in the court's docket at this time, correcting a few clerical errors in the listing of defendants noted in the court's October 16, 2013, order, subject to further revision if warranted.

contained vague and conclusory allegations. The court allowed plaintiff one additional opportunity to amend his complaint. Plaintiff was directed to file his amended complaint within twenty-one days of the court's April 23, 2013, order. Plaintiff failed to comply, and, on May 31, 2013, the court dismissed plaintiff's complaint without prejudice.

On June 4, 2013, plaintiff filed a motion to rescind the court's dismissal of this action, which the court construed as a motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff, in his Rule 59(e) motion, argued that the court should rescind the dismissal of his action because he complied with the court's April 23, 2013, order by faxing his amended pleading to the Clerk of Court on May 13, 2013. Plaintiff also filed a motion to amend his complaint.

On October 16, 2013, the court entered an order granting plaintiff's Rule 59(e) motion and motion to amend. The court re-instated plaintiff's action and dismissed without prejudice as frivolous plaintiff's Fourth Amendment claim alleging unconstitutional search and seizure, his Fourteenth Amendment due process claim alleging unconstitutional deprivation of property, his negligent deprivation of property claim, and his retaliation claim in connection with the alleged deprivation of property. The court additionally allowed plaintiff to proceed with his remaining claims against defendants denominated now in the caption as Captain McNeish, Captain Adams, Lt. Sarvis, M.H. Hook, Officer Tucker, Officer C. Thomas, Officer Carpezza, Officer Dixon, Officer Cambell, Officer Shingleton, A.P. Johnson, Officer Perkins, Officer Waller, Officer Fonti, Lt. Simmons, Cpl. Bean, Officer Griwold, S.B. Johnson, Officer Davis, Sgt. Kudro, Capt. Walker, Sgt. Whitmore, Officer Walton, B. Lewis, Officer Theiss, Sgt. Brown, Sgt. Haste, Officer Stephenson,

3

Sgt. Willaford, Officer Eason, Officer Hiller, Officer Rivenbark, Officer Pruneau, J.J. Day, Officer Boswell, Officer Carpenter, Officer Hite, Officer Oakes, and Officer Franqui.

On January 7, 2014, the court issued a case management order which permitted the parties to engage in discovery and established a discovery deadline of May 12, 2014, and a dispositive motions deadline of June 12, 2014. On February 27, 2014, counsel for the defendants first served plaintiff, through certified mail, a notice of deposition, which notified plaintiff that his deposition was scheduled for 10:00 a.m. on March 28, 2014, at the New Hanover County Government Center. (Dep. Tr. pp. 6-7, and Exs.1, 2.) Counsel sent the notice of deposition to plaintiff at his address of record, 416 N. 5th Avenue; Wilmington, North Carolina. (Id.) Counsel did not receive the United States Postal Services' Form 3811 in return, so counsel re-served plaintiff with the deposition notice by certified and regular mail on March 11, 2014. (Id. p. 7, and Ex. 3.) United States Postal Service records indicate plaintiff received the second notice of deposition on March 13, 2014. (Id. p. 8 and Ex. 5.)

On March 28, 2014, counsel traveled from Winston-Salem, North Carolina to Wilmington, North Carolina to take plaintiff's deposition as scheduled at 10:00 a.m. Plaintiff did not appear for the deposition at the scheduled time. At 10:40 a.m., counsel for defendants retrieved a 10:38 a.m. voice mail from his assistant stating that plaintiff had called counsel's office in Winston-Salem at 10:30 a.m. to inform counsel that plaintiff was running late for the deposition. Counsel returned plaintiff's call at 10:42 a.m., and plaintiff advised counsel that he had been out late "partying" the night before to celebrate his birthday and had been unable to get out of bed to attend his deposition. Plaintiff then told counsel that plaintiff would arrive at the deposition location in approximately twenty (20) to thirty (30) minutes. Counsel consented to wait for plaintiff.

4

At approximately 11:50 a.m., after counsel had packed up his materials and carried them out to his car, counsel came upon plaintiff in the parking lot as counsel was preparing to drive away. Plaintiff told counsel that he had difficulty finding the deposition location. Counsel then asked plaintiff why plaintiff had not attempted to reconnoiter the location for the deposition prior to the deposition date or otherwise taken reasonable steps to be on time. Plaintiff's only response was that he originally is from New York. At this point, the court reporter/videographer had already dismantled his equipment and left the New Hanover County Government Center building. Further, counsel determined that there likely was not enough time to complete the deposition, which counsel approximated would take seven hours. Accordingly, plaintiff's deposition did not occur on the scheduled date, March 28, 2014.

On April 11, 2014, counsel filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), seeking reimbursement for defendants' attorney's fees, travel time, and court reporter expenses incurred as a result of plaintiff's failure to appear for his deposition. Counsel also seeks dismissal of this action as a sanction for plaintiff's conduct. On May 12, 2014, Counsel filed a notice informing the court that, on May 9, 2014, he was able to take plaintiff's deposition at the New Hanover County Detention Center while plaintiff temporarily was incarcerated at the detention center. Counsel, additionally, informed the court that defendants still wished to pursue their motion for sanctions due to plaintiff's failure to appear for his deposition on March 28, 2014. Plaintiff did not respond to defendants' motion for sanctions, but did file a motion for change of venue for the deposition, dated May 4, 2014, and filed May 12, 2014.

5

**DISCUSSION**

A.  Plaintiff's Motion for Change of Venue

Plaintiff's May 12, 2014, motion for change the venue requests that the court order that the location of his deposition be changed from the New Hanover County Government Center to the New Hanover County Detention Center, where plaintiff was incarcerated. Plaintiff's deposition was taken at the detention center on May 9, 2014. Accordingly, plaintiff's motion to change the venue of his deposition is DENIED as MOOT.

B.  Defendants' Motion for Sanctions

Defendants seek sanctions for plaintiff's failure to appear for a scheduled deposition. Rule 37 provides a district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Rule 37 further provides that sanctions may be imposed on a party who fails to appear for a deposition if that party has been served with "proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i). Proper notice requires "reasonable written notice . . . . stat [ing] the time and place of the deposition" and the method for recording testimony. Fed. R. Civ. P. 30(b)(1), (3)(A). Sanctions may include "reasonable expenses, including attorney's fees, caused by the failure [to attend the deposition] unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The court finds that defendants have satisfied the requirements of Rule 37, including providing proper notice to plaintiff of both the previously scheduled deposition and the method of recording the deposition (stenographic and videotape). (Depo Tr. Ex. 1.) Plaintiff has provided no explanation as to whether his failure to attend his deposition was substantially justified.

Accordingly, defendants' motion for sanctions is GRANTED, and the court will direct defendants to file an affidavit setting forth their reasonable attorney's fees and expenses associated with the filing of this motion and the previously scheduled deposition of plaintiff. See Cooner v. Town of Clayton, No. 5:06-CV-338-D, 2008 WL 150203, at *1 (E.D.N.C. Jan. 11, 2008) (ordering that plaintiff "pay to defendant . . . the reasonable expenses and attorneys' fees for plaintiff's failure to attend his deposition and the necessity of obtaining this order, including, but not limited to, all such expenses and fees incurred in relation to the deposition, and to the drafting and filing of defendant's Motion for Sanctions"); see also Wood v. Wells Fargo Bank, N.A., No. 3:10-3160, 2012 WL 601872, at * (D.S.C. Feb. 23, 2012) (awarding defendants $4,438.72 in sanctions for plaintiff's failure to attend deposition). In light of plaintiff's disregard of his obligation to participate in discovery as well as the procedural history of this case, plaintiff is cautioned that any future failure to comply with a court order may result in additional sanctions, including dismissal of this action. See, e.g., Anderson v. Found. for Advancement, Educ., & Employment of Am. Indians, 155 F.3d 500, 504–05 (4th Cir.1998); White v. McHugh, No. 3:09-1559-MJP-JRM, 2010 WL 4340399, at *3 (D.S.C. Sept. 3, 2010) (dismissing case with prejudice where plaintiff failed to appear for deposition after having been ordered to do so by the court).

**CONCLUSION**

For the foregoing reasons, the court rules as follows:

(1) Defendants' motion for sanctions (DE 50) is GRANTED;

(2) The court DIRECTS defendants to file an affidavit setting forth their reasonable attorney's fees and expenses associated with the filing of this motion and the previously scheduled deposition of plaintiff within twenty-one (21) days of the date

7

of this order; and plaintiff shall file any response within fourteen (14) days thereafter;

(3)　　The court CAUTIONS plaintiff that any future unjustified failure to obey a court order, will result in additional sanctions, which may include dismissal of this action;

(4)　　Plaintiff's motion for change of venue for deposition (DE 54) is DENIED as MOOT.

SO ORDERED, this the 11th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:12-ct-03163-FL   Document 57   Filed 06/11/14   Page 8 of 8